UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE TYRELL ARMSTRONG, CDCR #BZ-1105,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN DOE, County of San Diego El Cajon Adult Probation; JOHN DOE, City of San Diego Police Department Detectives/Investigator; JOHN DOE, State of California Department of Corrections and Rehabilitation; JOHN DOE, San Diego District Attorneys,<br><br>Defendants. | Case No.: 25-cv-01176-AJB-AHG<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM AND AS FRIVOLOUS PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)**<br><br>[Doc. No. 6] |

Plaintiff Archie Tyrell Armstrong, currently incarcerated at Centinela State Prison ("CEN") in Imperial, California, and proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (*See* Doc. No. 1.) Plaintiff seeks to sue various unidentified state and local officials and entities based on claims he was wrongfully convicted in San Diego Superior Court Case No. SCD297961. (*Id.* at 5, 12.) He also seeks leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (*See* Doc. No. 6.)
///

1

For the reasons explained, the Court **GRANTS** Plaintiff's IFP Motion, but **DISMISSES** his Complaint without leave to amend both for failing to state a claim and as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

**I.     Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes,* 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. §§ 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84.

In support of his latest IFP Motion, Plaintiff has submitted a copy of his CDCR Inmate Statement Report for the six-months preceding the filing of this action. (Doc. No. 7 at 1–4.) *See also* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. This statement and an accompanying Prison Certificate completed by a CEN trust account official show Plaintiff carried an average monthly balance of $377.58, and had average monthly deposits of $149.91 to his account over the last 6 months. (*See* Doc. No. 7 at 4.) However, Plaintiff had an available balance of only $.17 in his account at the time of filing. (*Id.* at 2, 4.)

Based on this accounting, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (Doc. No. 6) and assesses an initial partial filing fee of $75.51 pursuant to 28 U.S.C. § 1915(b)(1). However, this initial fee need be collected only if sufficient funds are available in Plaintiff's trust account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 577 U.S. at 86; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected by the CDCR, or any agency having subsequent custody of Plaintiff, and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(2).

## II. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A. Standard of Review

Because Plaintiff is a prisoner as defined by 28 U.S.C. § 1915(h) and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). "On review, the court shall . . . dismiss the complaint, or any portion of the

1 complaint," if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may
2 be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."
3 *Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017) (citing 28
4 U.S.C. § 1915A(b)); *see also Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en
5 banc) (discussing 28 U.S.C. § 1915(e)(2)). "The standard for dismissal for prisoner claims
6 at screening is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure
7 to state a claim." *Long v. Sugai*, 91 F.4th 1331, 1336 (9th Cir. 2024) (citing *Watison v.
8 Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012)). Rule 12(b)(6) requires that a complaint to
9 "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face."
10 *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While
11 detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a
12 cause of action, supported by mere conclusory statements, do not suffice" to state a claim.
13 *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed
14 me accusation[s]" fall short of meeting this plausibility standard. *Id.*

   A complaint may also be dismissed as frivolous if it "merely repeats pending or
16 previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995)
17 (citations and internal quotation marks omitted). "The purpose of § 1915A is to 'ensure
18 that the targets of frivolous or malicious suits need not bear the expense of responding.'"
19 *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford
20 Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

21     **B.**    **Discussion**

22     Plaintiff's Complaint is subject to *sua sponte* dismissal pursuant to 28 U.S.C.
23 §§ 1915(e)(2)(B) and 1915A(b) because it is clear from the face of his pleading that his
24 claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) insofar as he seeks damages
25 arising from an allegedly wrongful conviction from defendants who are immune, and
26 because his claims are duplicative of those raised and dismissed in a prior § 1983 civil
27 rights action filed in this Court.
28 ///

### 1.     *Heck* Bar & Immunity

First, Plaintiff seeks $10,271,995.35 in both compensatory and punitive damages pursuant to 42 U.S.C. § 1983 from an unidentified "John Doe" probation officer, police detective or investigator, the CDCR, and a district attorney who are alleged to have revoked his probation, falsely charged, prosecuted, and/or imprisoned him on charges of kidnapping, residential burglary, false imprisonment, and assault with force likely to cause great bodily injury in San Diego County Superior Court Case No. SCD297961. (*See* Doc. No. 1 at 2–5, 12–17.) While far from clear, Plaintiff appears to claim he was at some point released on probation but was nevertheless rearrested and sentenced "to 4 years" on October 29, 2024, in "bad faith" and in violation of his "constitutional rights." (*Id.* at 14–15.) He expressly seeks release from "false imprisonment" and to "challenge [his] conviction." (*Id.* at 15.)

But when a state prisoner raises claims that "necessarily imply" the invalidity of his state criminal conviction or sentence, a habeas corpus petition is his "sole federal remedy." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Heck*, 512 U.S. at 487. *Heck* and its progeny reaffirm that "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser*, 411 U.S. at 489); *Nettles v. Grounds*, 830 F.3d 922, 933 (9th Cir. 2016) (en banc). "Under *Heck*, a plaintiff's civil claims challenging government conduct in connection with [his] arrest and prosecution may not proceed if a judgment in [his] favor 'would necessarily imply the invalidity of [his] conviction or sentence.'" *Mayfield v. City of Mesa*, 131 F.4th 1100, 1107 (9th Cir. 2025) (quoting *Heck*, 512 U.S. at 487); *see also Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) ("*Heck* bars . . . claims that defendants lacked probable cause to arrest . . . and brought unfounded criminal charges.").

For this reason alone, the Court finds Plaintiff's Complaint, which essentially alleges his yet-to-be invalidated conviction and incarceration in San Diego Superior Court Case No. SCD297961 is the result of a malicious prosecution, fails to state a claim upon which § 1983 relief can be granted and is subject to *sua sponte* dismissal without leave to amend

pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).[2] *See Heck*, 512 U.S. at 486–87; *see also Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (finding that absent prior invalidation, *Heck* bars § 1983 suits alleging wrongful arrest, malicious prosecution, and conspiracy among police officers to bring false charges); *Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1055 (9th Cir. 2016) (finding that a § 1983 complaint barred by *Heck* may be dismissed for failure to state a claim when the pleading as a whole "present[s] an 'obvious bar to securing relief.'") (citation omitted). "[T]he PLRA expressly authorize[s] the district court to dismiss [a] complaint [barred by *Heck*] for failure to state a claim at any time[ ] even when . . . the legal basis for the dismissal [is raised] o[n] its own accord." *Hebrard v. Nofziger*, 90 F.4th 1000, 1006 (9th Cir. 2024).

If that were not enough, Plaintiff's Complaint also requires *sua sponte* dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) to the extent he seeks to sue the CDCR and the unnamed district attorney who prosecuted his case. The Eleventh Amendment prohibits federal courts from hearing a § 1983 lawsuit in which damages or injunctive relief is sought against a state, its agencies (such as the CDCR), or individual prisons, "absent a waiver by the state or a valid congressional override." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999); *see also Fireman's Fund Ins. Co. v. City of Lodi, Cal.*, 302 F.3d 928, 957 n.28 (9th Cir. 2002) (internal quotation and citations omitted) ("The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies."). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court." *Dittman*, 191 F.3d at 1025–26 (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)). And state prosecutors are

---

[2] Plaintiff has recently filed two petitions for writ of habeas corpus pursuant to both 28 U.S.C. § 2241 and 28 U.S.C. § 2254 challenging the validity of his conviction in San Diego Superior Court Case No. SCD297961, but both those cases have been summarily dismissed at the preliminary and/or IFP stages. *See Armstrong v. Guzman,* No. 25-CV-1426 JLS (JLB), 2025 WL 1696994, at *2 (S.D. Cal. June 16, 2025) (Doc. No. 2); *Armstrong v. Guzman*, No. 25-CV-1785 AGS (VET) (S.D. Cal. July 17, 2025) (Doc. No. 3).

absolutely immune from § 1983 actions when performing functions "intimately associated with the judicial phase of the criminal process" or "when performing the traditional functions of an advocate." *Garmon v. Cnty. of Los Angeles*, 828 F.3d 837, 842–43 (9th Cir. 2016) (citing *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976); *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997)).

### 2. Duplicative Cases

Finally, Plaintiff's Complaint is subject to *sua sponte* dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) because it is duplicative of another civil rights action he previously filed in this Court. *See Cato,* 70 F.3d at 1105 n.2; *Armstrong v. Cnty. of San Diego*, No. 3:23-CV-1684-CAB-DDL, 2023 WL 7926804, at *2 (S.D. Cal. Nov. 16, 2023) ("*Armstrong 1*"). In fact, Plaintiff cites to *Armstrong 1* in his current pleading, admits it was dismissed by Judge Bencivengo in November 2023, and acknowledges that § 1983 suit "deal[t] with the same facts involved in this action." (*See* Doc. No. 1 at 9.)

The Court may also take judicial notice of *Armstrong 1* and any "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). Indeed, in *Armstrong 1*, which was filed while criminal proceedings in San Diego Superior Court Case No. SCD297961 were still pending, Plaintiff also sought $10,271,995.35 in both compensatory and punitive damages from State of California, the City and County of San Diego, and the San Diego County District Attorney based on claims of "false imprisonment." *See Armstrong I*, 2023 WL 7926804, at *2; *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688–89 (9th Cir. 2007) ("[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same."), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

Thus, because Plaintiff's current Complaint contains claims which he admits are merely repetitive and/or duplicative of those previously raised unsuccessfully in *Armstrong*

*I* against the same defendants and seeking the same relief, this later-filed case is also subject to dismissal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). *See Cato*, 70 F.3d at 1105 n.2. "When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend." *Lopez*, 203 F.3d at 1128.

### III. Conclusion

Accordingly, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a). (Doc. No. 6.)

2. **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $75.51 initial filing fee assessed, *if those funds are available at the time this Order is executed*, and forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2).

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeff Macomber, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, via U.S. Mail, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov.

4. **DISMISSES** Plaintiff's Complaint without leave to amend both for failure to state a claim and as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

5. **CERTIFIES** that an IFP appeal of this Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

6. **DIRECTS** the Clerk of Court to enter a judgment of dismissal and to close the file.

**IT IS SO ORDERED.**

Dated: August 14, 2025

Hon. Anthony J. Battaglia
United States District Judge